HENRY W. HOLLEY *vs.* ELIZABETH J. HUNTINGTON & others.

Feb. 24, 1875.

Wife held not Liable for cost of Building Erected on Her Land under a Contract made by Her Husband.—*Held*, upon the facts found in this case, that the defendant Elizabeth J. Huntington is not liable for expense incurred in the erection of a building on land of which she is part owner,—the same having been erected under a contract entered into by her husband and others, and it not appearing, either expressly or by way of inference, that she was a party to the contract, either originally, or by substitution, or in any way, or that her husband or any other person acted as her agent in the business, by authority express or implied, or that she had any connection whatever with the erection of the building, or that it was erected for her, or on her account, or with her knowledge, or that she ever agreed to pay any thing for or towards the expense of its erection.

Action to recover the amount alleged to have been paid by plaintiff for defendants' use, under the contract stated

in the opinion. Trial in the district court for Faribault county, before *Waite*, J., upon whose findings judgment was entered for plaintiff, from which defendants appeal. ·

*M. J. Severance* and *Benj. G. Reynolds*, for appellants.

*Andrew C. Dunn*, for respondent.

BERRY, J. The court before which this action was tried below, finds that "in July or August, 1871, the plaintiff, J. H. Welch, the defendant Reynolds, and Augustus Huntington, the husband of the other defendant, G. K. Moulton and John S. Robertson, entered into a joint contract, by parol, to erect some buildings in one compact block at Winnebago City, * * * one part to be erected on land owned by the plaintiff in fee, and to be his property; another part, on land owned by Welch in fee, to be his property; another part, on land owned in fee by Moulton and Robertson, as tenants in common, to be owned by them; and the other, on a piece of land which it was then expected would be owned by Reynolds and Augustus Huntington, as tenants in common, and the building owned by them. After the making of the contract, but probably before any work was done under it, and when the deed for the piece of land last referred to was being drawn, Huntington had the name of his wife inserted as a grantee in the deed, instead of his own name, and ever since then she and the defendant Reynolds have owned the land as tenants in common. By the contract, each was to furnish the money as fast as it would be needed in the erection of his or their building.'' The court further finds that soon after the contract was made, the work was commenced and prosecuted, and that the building on defendants' land "is entirely completed;'' that "all have paid their portion expended under the joint contract, and something in excess of it, except the defendants, and each party has the use and occupancy of his or their building * * * . The plaintiff has paid, in excess of the expenditure of his building, under the joint contract, $286.52, and the defendants are the only parties who have failed to pay the amount expended on their building under the

contract, and the plaintiff claims to recover $266.68 of the defendants, on account of such advance made for their use and benefit, with interest.'' Some other facts are found, none of which appear to us to be material.

As it is not found, and does not appear, either expressly or by way of inference, that the defendant Elizabeth J. Huntington was a party to the contract entered into by her husband and her co-defendants, either originally, or by substitution, or in any way, or that her husband or any other person acted as her agent in the business, by authority express or implied, or that she had any connection whatever with the erection of the building, or that it was erected for her, or on her account, or with her knowledge, or that she ever agreed to pay anything for or towards the expense of its erection, there is no ground upon which she can be charged with a personal liability to the plaintiff, upon the facts before stated.

As to the other defendant, Reynolds, if he is liable to the plaintiff at all, his liability certainly is not several. Whether he is liable jointly with Augustus Huntington alone, or with Welch, Huntington, Moulton and Robertson, we do not feel called upon, in the exceedingly imperfect and unsatisfactory state of the findings of fact, to determine.

Judgment reversed.