JOHN H. WELCH *vs.* ELIZABETH J. HUNTINGTON and another.

June 27, 1876.

Wife Held not Liable for Cost of Building Erected on her Land, under a Contract Made by her Husband.—*Holley* v. *Huntington*, 21 Minn. 325, followed, and the rules of law therein stated applied to this case.

This, like *Holley* v. *Huntington*, 21 Minn. 325, was an action brought in the district court for Faribault county for money paid by plaintiff, to the use of the defendants Elizabeth J. Huntington and Benjamin G. Reynolds, under a contract which is thus set forth in the complaint: In the year 1871, the plaintiff and the defendants, together with H. W. Holley, J. S. Robertson, and George K. Moulton, entered into an agreement with each other to erect a block of four brick buildings on lots 2 and 3, in block 5, in Easton's addition to Winnebago City. According to said agreement the said buildings were to be erected by said parties jointly, so far as third parties were concerned, but separately as related to each other. The plaintiff was to furnish the means and pay for one of said buildings, the said Holley was to furnish the means and pay for one of said buildings, the said Robertson and Moulton were to furnish the means and pay for one of said buildings, and the defendants were to furnish the means and pay for one of said buildings. By the terms of the agreement the plaintiff was constituted treasurer and disbursing agent of all the parties in the work of erecting the buildings.

The complaint further alleges the erection of the buildings and the amount expended on each; that all the parties to the contract, except the defendants, have contributed all, and more than all, the money required to pay for their buildings; that there was expended on defendants' building $3,277.35, of which they have paid $2,467.49, and no more; that the plaintiff has paid in full for his building,

and, in consequence of his joint liability with the others under the contract, has been obliged to pay, and has paid, for defendants, in the erection of their building, the sum of $533.92.

The answer of the defendant Huntington was a general denial; that of the defendant Reynolds was a general denial, with a specific denial of the amounts alleged in the complaint to have been expended, and a statement of various unsettled and unpaid bills for the construction of the block.

A jury was waived, and the action tried before *Waite*, J. At the trial it appeared that the land on which the buildings were to be erected was owned in fee by the parties to the agreement, one building being on land of plaintiff, one on land of Holley, and one on land of Robertson and Moulton, each building belonging to the owner of the land on which it stood. As to the building alleged to belong to the defendants, it appeared that, at the time of making the agreement, the land on which it was afterwards erected belonged to Welch and Holley, who, after the making of the agreement, and before the work was commenced, executed a deed of the land, in which the defendants were named as grantees.

The court found the facts substantially in accordance with the complaint, except that A. A. Huntington, the husband of Elizabeth J., was a party to the agreement, and she was not a party, and ordered judgment for plaintiff, which was entered, and the defendants appealed.

*M. J. Severance* and *Benj. G. Reynolds*, for appellants. *Andrew C. Dunn*, for respondent.

CORNELL, J. There is not a particle of evidence tending to show that the defendant Elizabeth J. Huntington ever became a party to the contract set forth in the complaint, or had any knowledge of its existence, or of the erection of the block of buildings in question, or that the legal title to any portion of the land whereon it was erected had been conveyed to her, till long after the alleged transaction. It

is affirmatively shown that the deed from Holley and Welch was made at the suggestion of Reynolds and her husband, without any knowledge on her part, and that it was not delivered to her, nor was she informed that any such deed had been made, till more than two years had elapsed after the erection of the buildings under the alleged agreement. It also appears that the interest in the land so conveyed to her was bought and paid for by her husband, and that she contributed nothing toward the purchase or the erection of the buildings. There is no evidence showing that she was living with her husband at the time of the alleged transaction, or that her residence or situation was such as would be likely to afford her an opportunity of acquiring any information concerning them. It is affirmatively shown that her husband was, in fact, the party to the agreement, and that, in entering into it and carrying it out, he acted, and claimed to act, solely for himself, and not for or on behalf of his wife, and there is no competent evidence whatever tending to show that he ever acted as her agent in the matter, either by her authority or otherwise.

From this statement of facts disclosed by the testimony, and concerning which there is no conflict of evidence, it is evident that no recovery can be sustained against the defendant E. J. Huntington, (*Holley* v. *Huntington*, 21 Minn. 325,) and hence, as respects her, the sufficiency of the findings of fact to support the conclusion of law arrived at by the district court need not be enquired into.

As to the defendant Reynolds, under the pleadings, and upon the findings of fact as presented here, it is equally clear that no separate judgment can be rendered against him. The cause of action relied upon in the complaint is a joint liability against both defendants, arising out of the agreement therein specified. The separate answer of defendant Reynolds, while fully traversing the matters stated in the complaint in respect to the alleged agreement, the parties thereto, and the character of its obligations, dis-

closes no admission of any separate liability from him to plaintiff, nor of any facts from which any such separate liability can be inferred, and the decision of the district court contains no finding of any facts upon which a separate judgment can be supported.

Judgment reversed.